1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN JONES, | Case No. 1:20-cv-01583-EPG-HC |
| Petitioner, | FINDINGS AND RECOMMENDATION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| GAVIN NEWSOM, | ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE AND SEND PETITIONER A PRISONER CIVIL RIGHTS COMPLAINT FORM |
| Respondent. | |

Petitioner Kevin Jones is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Given that the instant petition challenges conditions of confinement and thus, is not cognizable in federal habeas corpus, the undersigned recommends that the petition be dismissed without prejudice to refiling the claims in an action under 42 U.S.C. § 1983.

## I.

## DISCUSSION

Rule 4 of the Rules Governing Section 2254 Cases requires preliminary review of a habeas petition and allows a district court to dismiss a petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." See McFarland v. Scott, 512 U.S. 849, 856 (1994).

### A. Federal Habeas Corpus Jurisdiction

By statute, federal courts "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A claim is cognizable in habeas when a prisoner challenges "the fact or duration of his confinement" and "seeks either immediate release from that confinement or the shortening of its duration." Preiser v. Rodriguez, 411 U.S. 475, 489 (1973). In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of confinement. McCarthy v. Bronson, 500 U.S. 136, 141–42 (1991); Preiser, 411 U.S. at 499.

In the instant petition, Petitioner appears to challenge an administrative judge's order authorizing involuntary administration of psychiatric medication and brings claims against medical personnel at Kern Valley State Prison ("KVSP") for administering psychiatric medication. There is also a request to issue a "stay order" with a notation that all of Petitioner's legal mail is being withheld. (ECF No. 1 at 1).[1]

Petitioner does not appear to challenge any aspect of his underlying criminal conviction or sentence or the fact or duration of his confinement. In fact, the petition states that it is "challenging an order and the condition of confinement." (ECF No. 1 at 1). The Ninth Circuit has "long held that prisoners may not challenge mere conditions of confinement in habeas corpus." Nettles v. Grounds, 830 F.3d 922, 933 (9th Cir. 2016) (en banc) (citing Crawford v. Bell, 599 F.2d 890, 891–92 (9th Cir. 1979)). As Petitioner's claims do not fall within "the core of habeas corpus," Preiser, 411 U.S. at 487, they must be brought under 42 U.S.C. § 1983. Nettles, 830 F.3d at 931. See Jefferson v. Helling, 324 F. App'x 612, 613 (9th Cir. 2009) (addressing state prisoner's Eighth and Fourteenth Amendment claims regarding forced medication in 42 U.S.C. § 1983 action); Hawes v. Unknown, No. 20CV2170 MMA (LL), 2020 WL 6712212, at *3 (S.D. Cal. Nov. 16, 2020) (finding that petitioner's challenge to involuntary medication is a challenge to conditions of confinement and should be raised in a § 1983 civil rights complaint);

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

1   <u>Williams v. O'Brien</u>, No. CIV S-05-2605 LKK DAD P, 2006 WL 3028422, at *1 (E.D. Cal. Oct.

2   24, 2006), <u>report and recommendation adopted,</u>  2006 WL 3746710 (E.D. Cal. Dec. 18, 2006)

3   (finding that challenge to an order authorizing the administration of medication to petitioner

4   involuntarily was not properly brought under 28 U.S.C. § 2254 and should be raised under 42

5   U.S.C. § 1983). Accordingly, Petitioner has failed to state a cognizable claim for federal habeas

6   corpus relief.

7          **B.  Conversion to § 1983 Civil Rights Action**

8          "If the complaint is amenable to conversion on its face, meaning that it names the correct

9   defendants and seeks the correct relief, the court may recharacterize the petition so long as it

10  warns the *pro se* litigant of the consequences of the conversion and provides an opportunity for

11  the litigant to withdraw or amend his or her complaint." <u>Nettles</u>, 830 F.3d at 936 (quoting <u>Glaus</u>

12  <u>v. Anderson</u>, 408 F.3d 382, 388 (7th Cir. 2005)). The Court notes that habeas corpus and

13  prisoner civil rights actions differ in a variety of respects, such as the proper defendants, filing

14  fees, exhaustion requirements, and restrictions on future filings (e.g., the Prison Litigation

15  Reform Act's three-strikes rule). <u>Nettles</u>, 830 F.3d at 936 (citing <u>Robinson v. Sherrod</u>, 631 F.3d

16  839, 841 (7th Cir. 2011); <u>Glaus</u>, 408 F.3d at 388).

17         Due to these differences and the disadvantages that recharacterization may have on

18  Petitioner's claims, the undersigned finds that it would be inappropriate to construe the habeas

19  petition as a civil rights complaint under 42 U.S.C. § 1983. The Court notes that the filing fee for

20  § 1983 civil rights cases is $350, and Petitioner is required to pay the full amount by way of

21  deductions from income to Petitioner's trust account, even if granted *in forma pauperis* status.

22  <u>See</u> 28 U.S.C. § 1915(b)(1). Moreover, the petition names Governor Newsom and Attorney

23  General Becerra as some of the Respondents and thus, does not name the correct defendants. <u>See</u>

24  <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 676 (2009) ("[A] plaintiff must plead that each Government-

25  official defendant, through the official's own individual actions, has violated the Constitution.").

26  ///

27  ///

28  ///

1

2

## II.

## RECOMMENDATION & ORDER

3       Accordingly, the undersigned HEREBY RECOMMENDS that that the petition for writ

4  of habeas corpus be dismissed without prejudice to refiling the claims in an action under 42

5  U.S.C. § 1983.

6       Further, the Clerk of Court is DIRECTED to randomly assign a District Court Judge to

7  the present matter and to send Petitioner a prisoner civil rights complaint form.

8       This Findings and Recommendation is submitted to the assigned United States District

9  Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local

10  Rules of Practice for the United States District Court, Eastern District of California. Within

11  **THIRTY (30) days** after service of the Findings and Recommendation, Petitioner may file

12  written objections with the court and serve a copy on all parties. Such a document should be

13  captioned "Objections to Magistrate Judge's Findings and Recommendation." The assigned

14  United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28

15  U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified

16  time may waive the right to appeal the District Court's order. <u>Wilkerson v. Wheeler</u>, 772 F.3d

17  834, 839 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

18

19  IT IS SO ORDERED.

20    Dated:  __December 9, 2020__        __/s/ Erica P. Grosjean__

21                                 UNITED STATES MAGISTRATE JUDGE

22

23

24

25

26

27

28