UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN JONES,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>GAVIN NEWSOM,<br><br>　　　　Respondent. | No. 1:20-cv-01583-NONE-EPG-HC<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATION, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE AND CLOSE CASE, AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY<br><br>(Doc. No. 12) |

　　　　Petitioner is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  On December 9, 2020, the magistrate judge issued findings and recommendations recommending that the petition be dismissed without prejudice to the refiling of the claims in a civil rights action brought under 42 U.S.C. § 1983.  (Doc. No. 12.)  Although served by the court upon petitioner at his address of record, on December 28, 2020, the findings and recommendations were returned to the court as undeliverable because petitioner refused delivery.  To date, petitioner has filed no objections, and the time for doing so has passed.

　　　　In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the court has conducted a *de novo* review of the case.  Having carefully reviewed the entire file, the court holds the findings and recommendation to be supported by the record and proper analysis.  Petitioner fails to state a cognizable claim for federal habeas corpus relief because he challenges conditions of his

confinement rather than any aspect of his underlying criminal conviction or sentence or the fact or duration of his confinement. (*See* Doc. No. 12 at 2–3.) As explained by the assigned magistrate judge, challenges to conditions of confinement, including allegations of forced or involuntary medication, must be brought under § 1983. (*Id.* at 2.)

Having found that petitioner is not entitled to habeas relief, the court now turns to whether a certificate of appealability should issue. A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003); 28 U.S.C. § 2253. The court should issue a certificate of appealability if "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). In the present case, the court finds that reasonable jurists would not find the court's determination that the petition should be dismissed debatable or wrong, or that petitioner should be allowed to proceed further. Therefore, the court declines to issue a certificate of appealability.

Accordingly,

1. The findings and recommendations issued on December 9, 2020 (Doc. No. 12) are adopted;
2. The petition for writ of habeas corpus is dismissed;
3. The Clerk of Court is directed to assign a district judge to this case for the purpose of closing the case and then to close the case; and
4. The court declines to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   **February 18, 2021**

UNITED STATES DISTRICT JUDGE